Scharff, Bernheimer & Co. et al. *v.* C. H. Fonda, Sheriff.

Res Judicata.    *Attachment.*    *Validity of levy.*    *Motion.*

   A judgment overruling the motion of junior attaching creditors to quash
     the levy of a prior attachment as being void, is *res judicata* on a subse-
     quent motion by such creditors, based on the same grounds, to compel
     the sheriff to pay over to them the proceeds of the attached property.
     In such case the sheriff is a mere nominal party, the real controversy
     being between the attaching creditors.

From the circuit court of Tallahatchie county.

Hon. R. W. Williamson, Judge.

Chaffe, Powell & West sued out an attachment in the court
below against W. G. Peeples & Co., and the same was levied
upon a crop of cotton in the field. Afterward, appellants,
Scharff, Bernheimer & Co. and other creditors, sued out at-
tachments against the same defendants, and levied on the
same property, and moved the court to quash the levy of the
prior attachment of Chaffe, Powell & West, upon the ground
that it was void, as being in violation of § 1764, code 1880,
prohibiting a levy on a growing crop. This motion was
overruled, and Scharff, Bernheimer & Co. appealed, when the
judgment was affirmed, this court simply stating, as a reason
for its decision, that appellants had failed to show that they
had a valid levy on the property. See *Scharff* v. *Chaffe*, 68
Miss., 641.

The property was condemned to satisfy the judgment in
favor of Chaffe, Powell & West, and its proceeds were so
applied. Afterwards, in the case of *Chaffe, Powell & West* v.
*Peeples & Co.*, the junior attaching creditors, Scharff, Bern-
heimer & Co. and others, filed a petition setting forth the
facts as to the issuance of the attachments, and alleging that
the levy in favor of Chaffe, Powell & West was void, because
made on a growing crop, and that the cotton, after being

gathered, was levied upon by the junior attachments, whereby it was claimed that they obtained priority. Petitioners prayed for an order requiring appellee, C. H. Fonda, sheriff, to pay to them the money arising from the sale of the cotton so levied upon. The sheriff answered the petition, alleging that the cotton had been levied upon under the prior attachment in favor of Chaffe, Powell & West, and that it had been condemned to be sold to satisfy the judgment therein, and that it had been so sold and the proceeds applied in satisfaction of the same. In his answer he also set up the facts as to the previous motion to set aside the prior levy, and that it had been overruled. Petitioners replied denying that a prior lien was acquired by the alleged levy of Chaffe, Powell & West, and the issue thus made was tried by a jury. The facts above stated being shown, the court instructed the jury to find for the defendant, and a judgment was entered accordingly, from which plaintiffs appeal.

*S. R. Coleman*, for appellants.

The judgment in *Scharff* v. *Chaffe*, 68 Miss., 641, was *res inter alios acta*, and cannot be relied upon as *res judicata*. That judgment was rendered because the record failed to show that appellants had made a valid levy upon the property. The real and only question in this case is as to the validity of the first levy upon the growing crop, and we ask that this court will pass upon that question.

*William C. McLean*, for appellee.

The former judgment, overruling the motion of appellants to quash the levy under which appellee sold the cotton and paid the proceeds to the prior attaching creditors, makes the question *res judicata*.

WOODS, J., delivered the opinion of the court.

The question involved in the present appeal is *res judicata*. The very controversy now pressed by appellants, and the pre-

cise point now insisted upon before us, was decided adversely to appellants in *Scharff* v. *Chaffe*, 68 Miss., 641. The supposed superiority of appellants' lien was denied in that decision of this court, on the case made on that record by appellants, and the judgment of the lower court, condemning the property to sale to pay the debt of the appellees therein, was distinctly affirmed. The sheriff of Tallahatchie county, in compliance with the former judgment of the circuit court of that county, affirmed by us, paid the proceeds of the cotton to the successful parties. After the affirmance by this court of the former judgment in favor of Chaffe, Powell & West, and after the officer had paid the funds arising from the sale of the cotton in dispute to that firm, appellants made their motion—the foundation of the present appeal—to have the sheriff apply the funds to the payment of their demand. Properly, the court below overruled this motion. The sheriff is not a party in interest; he is the mere custodian of the fund, and his connection with the controversy is purely nominal. It is really the same controversy, between the same parties, and the sheriff is to be protected in yielding obedience to the judgment of the lower court affirmed by the supreme court.

*Affirmed.*